IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

ALLAN DOUGLAS SCHUBERT,)
   Plaintiff,             )  3:24-CV-212-CWR-ASH
                              )  Case No.
    v.                     )
KRYSTAL AVERY,        )
   Defendant           )
SHANNON W. PHELPS,    )
JAMES WILLS,            )  JURY TRIAL REQUEST
COLETTE PETERS,       )
   Defendants,       )
P. BOULET, Defendant. )

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR 16 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

## PRO SE CIVIL RIGHTS COMPLAINT

I. <u>JURISDICTION</u> is asserted pursuant to BIVENS v Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. §1331; and 28 USC § 1346(a)(2).

II. Plaintiff is a prisoner in custody of the Federal Bureau of Prisons.

III. <u>Previous Federal Civil Actions/Appeals</u>

   1. SCHUBERT v NESBITT, et al., Case No.: 3:22-CV-407 in the District of Columbia seeking injunctive relief, which was denied for failure to state a claim.
      Re-filed in S. Dist. Mississippi, re-sent to D.C., and voluntarily withdrawn.

   2. SCHUBERT v AVERY, 3:22-CV-00321

1.

in the S. Dist. Mississippi, an 8th Amendment claim. Dismissed *without prejudice* December 8th, 2023.

   3. SCHUBERT v MUNCHIN, et.al., A-22-cv-966, in W. Dist. TX., for the recovery of two (2) stimulus checks; dismissed in ▪District Court and lost in 5th Circuit for failure to prosecute.

   4. SCHUBERT v F.B.I., et al., 22-cv-3658 in District of Columbia, consolidated FOIA/PA action seeking records, dismissed.

## IV. PARTIES TO CURRENT LAWSUIT

   1. Plaintiff - ALLAN DOUGLAS SCHUBERT
          Fed. Reg. # 30850-064
          F.C.I. - McDowell
          P.O. Box 1009
          Welch, WV. 24801

   2. Defendant - KRYSTAL AVERY
          YAZOO Fed. Corr. Complex
          P.O. Box 5666
          Yazoo City, MS. 39194

   3. Defendant - SHANNON W. PHELPS
          SouthEast Regional Office
          Bureau of Prisons
          3800 Camp Creek Parkway, SW
          Building 2000
          Atlanta, GA. 30331-6226

4. Defendant - P. BOULET
   Warden
   Yazoo Fed. Corr. Complex
   P.O. Box 5666
   Yazoo City, MS. 39194

5. Defendant - JAMES WILLS
   General Counsel B.O.P.
   Administrative Remedy Coordinator
   320 First St., NW
   Washington, D.C. 20534

6. Defendant – COLETTE PETERS
Bureau Of Prisons
320 First St., NW
Washington, D.C. 20534

All five (5) Defendants are sued in both, their official and individual capacities.

## V. CAUSE OF ACTION.

(a) On June 3, 2022 Plaintiff, a prisoner of the Bureau Of Prisons at Yazoo-Medium, was exercising, using his mattress as a weight bag. C/O KRYSTAL AVERY (Defendant) performed a "shakedown" of Plaintiff's cell, confiscated his mattress, sheets, and blankets, and dragged them through the soap scum and runoff from the shower stalls that was on the floor. This was mostly on camera.

(b) Plaintiff asked for a replacement of said items, which AVERY denied, forcing Plaintiff to sleep on a steel bunk without a mattress, blankets, or sheets. As a result, Plaintiff experienced pain in his shoulder and lower back.

(c) Defendant AVERY's actions were outside of B.O.P. policy and practice, in that there was never a contraband-confiscation form filled out (BP-A0402: Confiscation & Disposition of Contraband), no Incident Report filed, and none of the procedures of Due Process outlined in the Code of Federal Regulations or B.O.P. Program Statements followed. There is no record of disciplinary actions toward Plaintiff.

4.

(d) On June 13, 2022 Plaintiff sent an "Electronic Request" to Assistant Wardens Messinger and Ping, to preserve the camera footage of the incident and put them on NOTICE it will be requested as evidence for a lawsuit.

(e) On June 22, 2022 Plaintiff initiated the Administrative Remedy procedure, filing a "BP-8" in which Plaintiff requested the preservation of the camera footage, an investigation in accordance with Program Statement #1351.05,CN-2, and $5,000 in legal tender (cf. 18 USC § 3571).

(f) On June 22, 2022 Counselor K.LUSE denied the BP-8 based on the request for monetary compensation without addressing the request for preservation of the camera footage or the investigation into staff misconduct.

(g) On July 15, 2022 Plaintiff went to assist staff in the clean-up of a vacant unit. Plaintiff gave C/O Williamson a BP-9 to deliver to the warden: Defendant P. BOULET.

(h) After not receiving a response from BOULET, Plaintiff followed up on August 25, 2022 and September 16, 2022 with communications to Defendant PHELPS, that the warden at Yazoo, Defendant BOULET is not answering the BP-9 concerning the cruel and unusual punishment of officer/Defendant K. AVERY.

5.

(I) On March 24, 2023 Plaintiff sent a communication to Defendant COLETTE PETERS, Director, Bureau of Prisons, concerning Yazoo Medium/low and Southeast Region administrations hindering and blocking Plaintiff's administrative remedies. In this communication Plaintiff mentioned both administrations failure to respond to the K. AVERY-"cruel and unusual" complaint. PETERS never gave any response.

(J) On March 28, 2023 Plaintiff sent a communication to Defendant, JAMES WILLS, concerning the same issues; including "cruel and unusual punishment by an officer, K. AVERY." Wills also gave no response.

(K) On or about the end of March, 2023 and the beginning of April, 2023 Plaintiff sent a BP-11 to Defendant WILLS, which second page included the issue of Yazoo-Low-2 (previous a medium security) and the Defendant PHELPS failing to answer the administrative remedies concerning the cruel and unusual punishment committed by Defendant AVERY.

(L) The response dated May 1, 2023 rejected Plaintiffs complaints, concurring with the regional office — which was *suppose* to have rejected the issue on "10-7-22" for filing at the wrong level and to be more specific as to reason for filing.

(M) [In an attempt to secure copies of the Aug. 25 and Sep. 16, 2022 communications//appeals to DEFENDANT PHELPS, Plaintiff sent a "request" for said copies on

6.

April 2, 2023; then subsequently filed a Freedom Of Information Act request on August 23, 2023. FOIA # 2023-04894. B.O.P. Central Office General Counsel, Defendant WILLS, through Supervisory Attorney Eugene Baime, through J. Todd, directed Defendant PHELPS to produce the documents to Plaintiff. On Dec. 22, 2023 Plaintiff inquired of the copies to Defendant PHELPS and again never received any response.]

(N) Defendants BOULET (Warden of Yazoo Med.-low), PHELPS (SouthEast Region Director), WILLS (General Counsel - B.O.P.) and C. PETERS (Director - B.O.P.) are all Supervisors in their own right. None of the four (4) ever gave Plaintiff any relief or considered Plaintiff's complaints other than PHELPS and WILLS rejecting administrative remedies for procedural errors without addressing the merits of the official misconduct complaint; tacitly allowing the violations of this suit/actions allegations against subordinates.

(O) Defendant PETERS has failed in her duties to assure B.O.P. employees have received proper training and has been indifferent to Plaintiff's complaints to issues as serious as "BREACH OF SECURITY OF FEDERAL INSTITUTION" and also federal violations of mail disappearance and tampering — which was originally filed with the POSTAL REGULATORY COMMISSION — in which Plaintiff gave her, PETERS, personal NOTICE by sending her a copy.

7.

# CLAIMS

<u>CLAIM 1.</u> 5th Amendment of the U.S. Constitution, Due Process; 8th Amendment of the U.S. Const. Cruel & Unusual Punishment; 28 CFR §553.12 - Contraband; B.O.P. Program Statements #5580.08, I/M Personal Property, and #5521.06, Searches Housing Unit. & I/M.

(a) Officer KRYSTAL AVERY, Defendant, violated Plaintiffs above cited rights by confiscating Plaintiffs mattress, sheet, and blankets (life necessities/bedding) without following B.O.P. guidelines or Code Of Federal Regulations mandates: i.e., issuing any contraband slip was not filed with an Incident Report and the procedures mandated to be observed in any confiscation of personal property or "contraband". Plaintiff was never given any chance or procedure to challenge the confiscation. There was no penological purpose for the confiscation of Plaintiff's bedding.

(b) Plaintiff was forced to sleep on a cold steel bunk which caused him pain in his shoulders and lower back.

(c) The whole incident was caught on the institutional camera system, which Plaintiff requested twice (2) to be preserved.

Plaintiff is requesting $5,000 in legal tender from Defendant AVERY, or, a $5,000 GOLD BOND from the Department of Treasury.

8.

CLAIM 2.   1st Amendment, U.S. Constitution
              Access To Courts;
           5th Amendment, U.S. Constitution
              Due Process;
           42 U.S.C. § 1997e(a), et seq.,
           28 CFR §542.10, et seq.
              B.O.P. Administrative Remedy.

(a) Defendants BOULET, PHELPS, WILLS, and PETERS violated Plaintiff's above cited rights by failing to abide by the procedures therein, effecting Plaintiffs access to courts, and also violating 42 U.S.C. §1997e(a) et seq. which provides a *mandate* of the exhaustion of administrative remedies.

(b) On or about July 15, 2022 Plaintiff submitted a BP-9 to BOULET, per c/o Williamson, concerning cruel and unusual punishment by C/O/Defendant AVERY, which was never answered.

(c) On Aug. 25, 2022 and September 16, 2022 sent communications/appeals to PHELPS that Defendant BOULET is not answering the BP-9 concerning Defendant AVERY's misconduct. PHELPS never acknowledged the communication.

(d) On Mar. 24, 2023 Plaintiff sent a communication directly to Defendant PETERS complaining about BOULET and PHELPS not answering administrative remedies or complaints made about AVERY's cruel and unusual punishment. PETERS never acknowledged the communication

(e) On March 28, 2023 Plaintiff also sent a communication to Defendant J. WILLS

9.

concerning BOULET and PHELPS not answering administrative remedies and the misconduct by AVERY. WILLS never acknowledged the communication.

(f) On or about the end of March 2023 / early April 2023 Plaintiff sent a BP-11 to WILLS, which included on the second page, a reiteration of the complaint that BOULET and PHELPS have failed to answer administrative remedies.

(g) On the May 1, 2023 WILLS concurred with the rationale of the Region (PHELPS) and tacitly authorized or failed to check or reprimand the constitutional violations and official misconduct committed by Defendant AVERY.

(h) Plaintiff pursued his remedies to the best of his abilities, but each supervisory official failed to exercise that supervisory authority — to check, reprimand, or investigate the constitutional violations of % AVERY — and thwarted Plaintiff's attempts at exhaustion, which exhaustion is mandated by law.

(i) Defendants BOULET, PHELPS, WILLS, and PETERS thereby tacitly authorized the constitutional violations committed by Defendant AVERY.

Plaintiff is requesting $999 from each defendant, in legal tender, for a total of $3,996 value, or, $1,000 GOLD BOND from the Department of Treasury from each Defendant.

<u>CLAIM 3.</u>   8th Amendment, U.S. Constitution, Deliberate Indifference; (MONELL v N.Y.C. Dpt. Soc. SERVC. 436 U.S. 658 (1978)); Failure To Train.

(a) Defendants BOULET and PETERS violated Plaintiffs above cited rights by failing to train Defendant AVERY or verifying a proper training of AVERY.

(b) BOULET is warden, a direct supervisor of AVERY and PETERS is the director of the Bureau Of Prisons, supervising the whole of the Bureau and assuring the employees thereof are properly trained.

(c) Both BOULET and PETERS failed in their duty and obligation to properly train AVERY which directly lead to AVERY performing constitutional violations against Plaintiff and outside of B.O.P. regulations and not in accordance with the Code of Federal Regulations — causing Plaintiff pain and injury.

   Plaintiff is requesting $500 in legal tender from both BOULET and PETERS, for a total of $1,000 in value, or, a $500 GOLD BOND from each Defendant.

11.

## FURTHER RELIEF

Plaintiff further requests the court to grant court costs and fees, and any attorney fees.

## VI. DECLARATIONS.

I, ALLAN SCHUBERT, Plaintiff, pro se, in this action, declare under penalty of perjury that the foregoing instrument is true and correct.

_Allan D. Schubert_     APRIL 9th, 2024